UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAD ROMERO, Individually and for Others Similarly Situated,<br><br>v.<br><br>CLEAN HARBORS SURFACE RENTALS USA, INC. | Case No. 1:18-CV-10702-PBS<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

**PLAINTIFF'S MOTION TO COMPEL**

**1. Summary**

Plaintiff propounded initial discovery on Clean Harbors on December 3, 2018. *See* Ex. A. Discovery was stayed by the Court on January 8, 2019 and the stay was not lifted until August 1, 2019. ECF 52, 72. After the stay was lifted, Clean Harbors failed to respond in any way to the pending discovery, including the Requests for Admissions. Attempts to resolve these omissions have been unsuccessful. Ex. B, Schreiber Decl. This discovery is relevant, particularly now that a class has been defined and notice must issue. Romero moves this Court to deem admissions against Clean Harbors and compel it to produce complete discovery responses.

**2. Argument and Authority**

**A. The requests for admission are deemed admitted as a matter of law**

Under Rule 36, a matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3). The requests for admission were served on Clean Harbors on December 3, 2018. By court order, responses to these requests were not due within 30 days; discovery was stayed until August 1, 2019. ECF 72. More than eight weeks have passed since that time and Clean Harbors has not objected or responded to the admissions. By operation of law, Clean Harbors has admitted to these requests. *See Carrasco-Rodriguez v. Municipality of Corozal,* CV 14-1060 (GAG), 2015 WL 13548368, at *2 (D.P.R. Oct. 29, 2015); *see also*

*Universal City Studios Productions LLLP v. Bigwood,* 441 F. Supp. 2d 185, 187 (D. Me. 2006)(requests for admissions are automatically deemed admitted if not answered within 30 days).

> B. **Clean Harbors has waived its objections to all interrogatories and requests for production**

Federal Rule of Civil Procedure 33 states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Here, it is uncontested that Clean Harbors has not responded to any discovery. It has not timely objected to any interrogatory or request for production and cannot now offer such objections, weeks after this discovery was due. "If the responding party fails to object or state the reason for the objection timely, he or she may be held to have waived any objection." *Equal Employment Opportunity Comm'n v. Baystate Med. Ctr., Inc.*, 3:16-CV-30086-MGM, 2017 WL 4883458, at *1 (D. Mass. Oct. 30, 2017). While a waiver may, be excused by the court upon a showing of good cause, Clean Harbors cannot make this showing. *See Davis v. Jacob S. Ciborowski Family Tr.,* 11-CV-436-PB, 2013 WL 3245146, at *5 (D.N.H. June 26, 2013). No good cause exists for failing to respond to formal discovery. Clean Harbors was aware that the Court lifted the stay on discovery, and that discovery is necessary to progress the case. It has no excuse for failing to provide any responses or objections, and its failure materially prejudices the Plaintiff and the conditionally certified class. Clean Harbors has had ample time to formulate objections. Its failure to do so renders these objections waived.

> C. **The discovery is relevant**

The information requested is relevant to Plaintiff's claims and is within the scope of discoverable information. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." 3 Fed. R. Civ. P. 26(b)(1). "[The scope of discovery is broad, and to be discoverable, information need only appear to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009).

The interrogatories and requests for production to Clean Harbors all sought information and documents related to the wages and employment of Plaintiff and the class members, their status as independent contractors, their classification and payment of wages and overtime, and the good faith defense raised by Clean Harbors in its Answer. Ex. A; *see* ECF 28. The information is relevant and necessary to establishing the claims of Plaintiff and the putative class members, who are alleging claims under federal law related to their rate of pay, overtime, and classification. Plaintiff's Motion to Compel should be granted, and Clean Harbors should be required to time answer the interrogatories and produce the requested documents to discovery propounded upon it in December 2018.

**D.     Clean Harbors has possession or control of the responsive documents.**

Control is "defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D. 462, 464 (D. Mass. 1993). "Caselaw reveals that the word "control" is broadly construed in application." *Id.* "[C]ourts have expanded the "control" test to include not only a legal right, but also the actual ability … to access and obtain the requested documents." *FM Generator, Inc. v. MTU Onsite Energy Corp.*, CV 14-14354-DJC, 2016 WL 8902603, at *3 (D. Mass. Aug. 25, 2016); S*zulik v. State St. Bank & Tr. Co.*, CIV.A. 12-10018-NMG, 2014 WL 3942934, at *1 (D. Mass. Aug. 11, 2014)("'[D]ocuments are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand.").

As demonstrated by Clean Harbors' own evidence, it is in possession of responsive documents, or has the ability to acquire them from third parties. For example, in its opposition to conditional certification, Clean Harbors produced invoices and contracts for several opt-in plaintiffs, *see* ECF 48-2; 48-3. Clean Harbors was also able to produce both its contracts with Smith Management and Consulting, LLC, a declaration from Smith Management, and contracts with those with workers placed by Smith Management. ECF 61-2 through 61-4. At this time, however, Clean Harbors has produced only 12 pages, and those were provided prior to Clean Harbors' answer in this action. Ex. C.  These 12 pages are invoices of Smith Management for former named plaintiff, Trent Metro.  They reflect that Clean Harbors paid a flat day rate with no overtime for his work.  Metro's own invoices similarly reflect that he was paid by Smith Management a day rate with no overtime. Ex. D.

As evidenced by Ex. E (comparison of invoices), Clean Harbors paid Smith a day rate for each day worked by Metro. For example, Metro worked November 16, 2017 through November 19, 2017. Smith invoiced Clean Harbors $400 for each day worked.



Ex. E. For those same 4 days, Metro invoiced Smith $275 for each day worked.

# INVOICE

**Trent M. Metro**
PO Box 445
Basin, WY 82410
(307) 272-5211
dirtboarding12@yahoo.com

**INVOICE #:** 19
**INVOICE DATE:** _____
**INVOICE PAYMENT TERMS:** Net 15

**Bill To:** Accounts Payable
Smith Management and Consulting, LLC
16955 Walden Rd, Ste. 107
Montgomery, TX 77356
(844) 764-8426  //  invoices@smithmanagement.net

**SELECT PAYMENT TYPE (Select 1 below)**
☐ PAPER CHECK (via USPS)
** ☑ ACH-Electronic Payment to Bank Acct

| CONSULTANT | SMITH'S CUSTOMER | WELL | AFE # | COUNTY | STATE | RIG NAME & NUMBER |
|---|---|---|---|---|---|---|
| Trent M. Metro | Clean Harbors - NW | WB 14A2-23D | 170276 | Sublette | WY | Paterson 320 |

☐ DRILLING FLUIDS ENGINEER    ☑ **SOLIDS CONTROL TECHNICIAN**

| QTY | DESCRIPTION | | RATE | SUBTOTAL |
|---|---|---|---|---|
| 4.00 | TOUR DATES WORKED → | 11/16, 11/17, 11/18, 11/19 | $ 275.00 | $ 1,100.00 |

*Id.* Clean Harbors also obtained a disingenuous (and self-serving) declaration from Smith which claimed Smith didn't pay any of its solids control technicians a day rate. ECF 61. Metro's invoices to Smith dispute this contention and put Clean Harbors and Smith's credibility into serious doubt. Any skepticism can be resolved by Clean Harbors fully responding to discovery and producing all invoices to/from Smith.

The fact that Clean Harbors was able procure a declaration from Corey Smith, the Managing Director of Smith Management cannot be overemphasized. Clean Harbors obtained the declaration and produced copies of the Smith contracts in support of its Motion for Clarification, but it has represented to this Court and Class Counsel it is now unable to obtain any information for the 136 individuals Smith staffed to Clean Harbors. This is mere pretense. Clean Harbors has demonstrated that it has the ability to obtain documents from Smith, and it has exercised this right aggressively in its own self-interest. Clean Harbors may not merely shrug and refuse to act, to the detriment of the Plaintiff and the class, where it has previously affirmatively exerted control or influence for its own gain.

Clean Harbors therefore has possession or control over responsive documents reflecting the names of workers hired through Smith Management who were paid a day rate and are therefore entitled to notice. To the extent the Court desired clarification that these Smith employees were paid a day rate, *see* ECF 78, n.1, this information is available from Clean Harbors but has been withheld, despite the lack of objection, from production. Plaintiff has demonstrated that Clean Harbors has control over the relevant documents. *See Katz v. Liberty Power Corp., LLC*, 18-CV-10506-ADB, 2018 WL 4398256, at *1 (D. Mass. Sept. 14, 2018) ("The party seeking production of documents has the burden of proving that the opposing party has control over the sought documents"). Clean Harbors has failed to timely respond and waived any objections it may have. It must now produce those documents in it possession or control, even if held by third parties.

**3.     Conclusion**

For these reasons, Plaintiff requests the Court grant the motion to compel, hold that the admissions are deemed against Clean Harbors, and order Clean Harbors to fully respond to the outstanding interrogatories and requests for production.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
**Michael A. Josephson**
State Bar No. 24014780
(admitted *pro hac vice*)
**Richard M. Schreiber**
State Bar No. 24056278
(admitted *pro hac vice*)
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(pending *pro hac vice*)
**Bruckner Burch, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

AND

**Phillip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**Gordon Law Group, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

ATTORNEYS IN CHARGE FOR PLAINTIFF

## Certificate of Conference

I hereby certify that I conferred with Defendant's Counsel with multiple calls and emails but was unable to reach any agreement on discovery. I requested multiple times that Clean Harbors supplement its discovery responses prior to the Court lifting the stay and after the Court lifted the stay. Regardless of my efforts, an agreement was not able to be reached as to the discovery.

/s/ Richard M. Schreiber
Richard M. Schreiber

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, on October 14, 2019.

/s/ Richard M. Schreiber
Richard M. Schreiber