# EXHIBIT   A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHAD ROMERO, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:18-CV-10702-PBS |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., and CLEAN HARBORS SURFACE RENTALS USA, INC. | § § § § § § | |
| Defendants. | § | |

### PLAINTIFF CHAD ROMERO'S FIRST SET OF INTERROGATORIES TO DEFENDANT CLEAN HARBORS SURFACE RENTALS USA, INC.

Propounding Party:   Plaintiff Chad Romero
Responding Party:    Clean Harbors Surface Rentals USA, Inc.
Discovery Requests:  Interrogatories
Set No.:             One

Plaintiff Chad Romero, individually and on behalf of others similarly situated, serves upon Defendant Clean Harbors Surface Rentals USA, Inc., these interrogatories. Pursuant to the Federal Rules of Civil Procedure, you are required to answer these discovery requests within thirty (30) days of service.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Richard M. Schreiber**
    State Bar No. 24056278
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

mjosephson@mybackwages.com
rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

On December 3, 2018, I served a copy of this document on all Counsel of record for Defendant Clean Harbors Surface Rentals USA, Inc., pursuant to the Federal Rules of Civil Procedure:

*/s/ Richard M. Schreiber*
Richard M. Schreiber

## DEFINITIONS

1. "YOU" or "YOUR" or "DEFENDANT" or "CLEAN HARBORS" refers to Defendant Clean Harbors Surface Rentals USA, Inc., and shall include: YOU; YOUR agents, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on YOUR behalf.

2. "PLAINTIFF" or "PLAINTIFFS"—unless specified otherwise—refers to the Named Plaintiff(s), as well as to any current or former employees or independent contractors of DEFENDANT who has filed a written consent to join this action.

3. "CLASS MEMBERS" refers to all solids control workers employed by, or working on behalf of, DEFENDANT, who were classified as independent contractors and paid a day-rate and no overtime compensation for hours worked in excess of forty (40) hours in a single workweek at any time from April 11, 2015 to the present. CLASS MEMBERS includes all qualifying employees or independent contractors, whether or not they have filed a consent to join this action.

4. The "RELEVANT TIME PERIOD"—unless specified otherwise—refers to the period beginning April 11, 2015, and continuing through the present.

5. "DOCUMENT" means a writing, recording, or photograph, as defined by Federal Rule of Evidence 1001. DOCUMENT is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

   "DOCUMENT" includes, but is not limited to any: note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever.

6. "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

7. "FLSA" means the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

8. "IDENTIFY" or "IDENTITY" when referring:

   a. to a PERSON, means to state a present or last known address, telephone number, title, or position and place of employment, and, if previously or presently employed by you, the date he or she was hired, and the date he or she was terminated, if applicable; and

   b. to a DOCUMENT means, if a legible copy of the DOCUMENT is not provided with your answer, to provide a complete description of the DOCUMENT referred to, including its title (if it has one), the date it was prepared, and the name of the person who prepared it, and to IDENTIFY the PERSON who has custody of, control over, or access to, it.

## INTERROGATORIES

1.    IDENTIFY each PERSON by name, address, and telephone number who prepared answers to
these Interrogatories in any way other than a purely clerical capacity.

   **ANSWER:**


2.    IDENTIFY each PERSON who is likely to have discoverable information regarding the claims
and defenses of any party to this lawsuit, along with the subjects of that information. This
includes, but is not limited to, PLAINTIFFS and CLASS MEMBERS, their co-workers,
supervisors, and other PERSONS employed by you (or working on behalf of you) or by a third-
party that may have knowledge of any PLAINTIFFS or CLASS MEMBERS' employment or
working relationship with YOU, such as work duties, conditions, hours, pay, and the creation,
implementation, and continued ratification of the pay practices at issue.

   **ANSWER:**


3.    State how many hours, by date, each PLAINTIFF and CLASS MEMBER worked during each
work week in the RELEVANT TIME PERIOD. In doing so, state which day of the week YOU
used to designate the beginning of the work week. If YOU are unable to determine this answer
with specificity, please provide YOUR best estimate.

   **ANSWER:**


4.    IDENTIFY and describe all wages, bonuses, fringe benefits, and any other form of
compensation that YOU paid to each PLAINTIFF and CLASS MEMBER during the
RELEVANT TIME PERIOD.

   **ANSWER:**


5.    IDENTIFY the date that YOU decided to classify solids control workers as independent
contractors, the PERSONS participating in making that decision, and the DOCUMENTS and
information used to make that decision.

   **ANSWER:**


6.    Was there any occasion where you contend a PLAINTIFF or CLASS MEMBER negotiated their
rate of pay for a job? If so, for each such occasion**:**

   (a)    State the date of each negotiation;
   (b)    State the substance of each negotiation;
   (c)    State the starting offer YOU made in each negotiation;
   (d)    State the starting demand that the PLAINTIFF or CLASS MEMBER made in each
       negotiation;

     (e)     State the end result for each negotiation;
     (f)     IDENTIFY the PERSONS involved in each negotiation; and
     (g)     IDENTIFY any DOCUMENTS that were made as part of the negotiations; and
     (h)     IDENTIFY any DOCUMENTS memorializing the negotiation.

**ANSWER:**

7.     For each job offered to each PLAINTIFF and CLASS MEMBER, list whether the job was accepted, rejected, or modified by each PLAINTIFF or CLASS MEMBER. Include in your answer:

     (a)     The date each job was offered;
     (b)     The substance of each job offer;
     (c)     Whether the offer was accepted, rejected, or modified by the PLAINTIFF or CLASS MEMBER;
     (d)     The modifications requested by the PLAINTIFF, if any, and whether the modifications were accepted or rejected;
     (e)     The IDENTITY of the PERSONS involved in each offer, acceptance, rejection, modification, and negotiation; and
     (f)     The IDENTITY of any DOCUMENTS that were made as part of the offer, acceptance, rejection, modification, and negotiations; and
     (g)     IDENTIFY any DOCUMENTS memorializing the offer, acceptance, rejection, modification, and negotiation.

**ANSWER:**

8.     Identify the unique skills or initiative of each PLAINTIFF and CLASS MEMBER that you contend supports their classification as an independent contractor.

**ANSWER:**

9.     Describe the policies and procedures used by YOU to ensure compliance with federal and state wage and overtime payment laws and regulations, including but not limited to the FLSA. This Request specifically includes, but is not limited to, policies and procedures relating to the classification of workers as employees versus independent contractors.

**ANSWER:**

10.     IDENTIFY all claims, notices of claims, investigations, inquiries, and lawsuits involving YOU where an allegation was made that YOU failed to provide employees proper wages and overtime pay by providing the following:

     (a)     Name and address of all parties;
     (b)     The job titles or class of employees involved;
     (c)     The names and address of the attorney representing the plaintiff/complainant;

(d)     The substance of the facts alleged;
(e)     If no suit was filed, the date on which you received notice of the claim;
(f)     If suit was filed, the date of filing and court and case number;
(g)     The disposition; and
(h)     The name and address of the PERSON having custody of all records related to the matter.

**ANSWER:**

11.     Have YOU been the subject of any federal or state governmental investigation or inquiry for failure to comply with federal or state laws concerning payment of wages and overtime, including but not limited to the FLSA? If so, for each such investigation or inquiry, please provide:

(a)     The date of the investigation or inquiry;
(b)     The entity and/or governmental agency involved;
(c)     The job titles or class of employees involved;
(d)     The DOCUMENTS sent to the governmental agency; and
(e)     The DOCUMENTS received from the governmental agency.

**ANSWER:**

12.     IDENTIFY the officers or employees of YOU who participated in any decision-making regarding the classification and payment of wages and overtime to PLAINIFFS and CLASS MEMBERS.

**ANSWER:**

13.     Do YOU claim that any PLAINTIFF or CLASS MEMBER was exempt from the wage and overtime provisions of the FLSA? If so, please state the factual and legal basis for YOUR contention as it relates to each claimed exemption.

**ANSWER:**

14.     Do YOU claim that any PLAINTIFF or CLASS MEMBER was not employed by YOU? If so, please state the factual and legal basis for YOUR contention.

**ANSWER:**

15.     Do YOU claim that any "good faith" defense may be applicable to one or more claims made against YOU in this matter? If so, please state the factual and legal basis for YOUR contention.

A "good faith" defense, as used in the preceding interrogatory, includes those defenses set forth in sections 10 and 11 of the Portal to Portal Act, 29, U.S.C. §§ 259(a), 260.

**ANSWER:**

16.     Do YOU claim that any classification, "good faith" defense, or policy or procedure regarding the payment of wages and overtime to PLAINTIFFS or CLASS MEMBERS was undertaken on the advice of legal counsel? If so, please provide the following:

   (a)     The IDENTITY of all officers or employees relying upon advice of legal counsel;
   (b)     The IDENTITY of legal counsel upon whose advice YOU relied;
   (c)     The date and subject of all meetings and communications with YOUR legal counsel related to the claim, as well as the IDENTITY of all PERSONS present or involved; and
   (d)     The IDENTITY of all DOCUMENTS related to YOUR reliance on legal counsel.

A "good faith" defense, as used in the preceding interrogatory, includes those defenses set forth in sections 10 and 11 of the Portal to Portal Act, 29, U.S.C. §§ 259(a), 260.

**ANSWER:**


17.     IDENTIFY the PLAINTIFFS and CLASS MEMBERS' job duties by providing:

   (a)     YOUR job title for PLAINTIFFS and CLASS MEMBERS;
   (b)     A description of PLAINTIFFS and CLASS MEMBERS' day-to-day job duties;
   (c)     A description of all attempts by YOU to assess PLAINTIFFS and CLASS MEMBERS' day-to-day job duties (including all applicable dates);
   (d)     The IDENTITY of all PERSONS, whether officers or employees of YOU or otherwise, that participated in any attempts to evaluate PLAINTIFFS and CLASS MEMBERS' day-to-day job duties.

**ANSWER:**


18.     IDENTIFY tools, equipment, vehicles, materials, and supplies used by PLAINTIFFS and CLASS MEMBERS in performing work for YOU. For each item IDENTIFIED, provide the following.

   (a)     The cost of each item;
   (b)     Whether the item was purchased or leased;
   (c)     The date of the transaction;
   (d)     The IDENTITY of the PERSONS (whether it be YOUR employee, a PLAINTIFF, a CLASS MEMBER, or another PERSON) making the purchase or lease;
   (e)     The IDENTITY of the PERSONS from whom the item was purchased or leased;
   (f)     The IDENTITY of the PLAINTIFFS or CLASS MEMBERS using the item.

**ANSWER:**


19.     IDENTIFY each PLAINTIFF and CLASS MEMBER who worked as an independent contractor not only for YOU, but also for another company or PERSON during the

RELEVANT TIME PERIOD. Include in YOUR answer the dates for which each PLAINTIFF and CLASS MEMBER worked for YOU and the other company or PERSON.

**ANSWER:**

20.     Describe in every way in which Clean Harbors did not maintain control, oversight, and direction of PLAINTIFF AND CLASS MEMBERS.

**ANSWER:**

21.     State who you believe each PLAINTIFF and CLASS MEMBERS' employer was during the time they performed work for YOU and all the reasons supporting YOUR contention.

**ANSWER:**

22.     Describe each communication between YOU and any other person (other than your attorney), relating to any of the allegations in the Complaint and affirmative defenses in YOUR answer.

**ANSWER:**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHAD ROMERO, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:18-CV-10702-PBS |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., and CLEAN HARBORS SURFACE RENTALS USA, INC. | § § § § § § | |
| Defendants. | | |

## PLAINTIFF CHAD ROMERO'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CLEAN HARBORS SURFACE RENTALS USA, INC.

Propounding Party:   Plaintiff Chad Romero
Responding Party:    Clean Harbors Surface Rentals USA, Inc.
Discovery Requests:  Requests for Production
Set No.:             One

Plaintiff Chad Romero, individually and on behalf of others similarly situated, serves upon you these requests for production. Pursuant to the Federal Rules of Civil Procedure, you are required to answer these discovery requests within thirty (30) days of service.

Respectfully submitted,

By:/s/ Richard M. Schreiber
**Michael A. Josephson**
State Bar No. 24014780
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On December 3, 2018, I served a copy of this document on all Counsel of record for Defendant Clean Harbors Surface Rentals USA, Inc., pursuant to the Federal Rules of Civil Procedure:

*/s/ Richard M. Schreiber*
Richard M. Schreiber

# DEFINITIONS

1. "YOU" or "YOUR" or "DEFENDANT" or "CLEAN HARBORS" refers to Defendant Clean Harbors Surface Rentals USA, Inc., and shall include: YOU; YOUR agents, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on YOUR behalf.

2. "PLAINTIFF" or "PLAINTIFFS"—unless specified otherwise—refers to the Named Plaintiff(s), as well as to any current or former employee or independent contractor of DEFENDANT who has filed a written consent to join this action.

3. "CLASS MEMBERS" refers to all solids control workers employed by, or working on behalf of, DEFENDANT, who were classified as independent contractors and paid a day-rate and no overtime compensation for hours worked in excess of forty (40) hours in a single workweek at any time from April 11, 2015 to the present. CLASS MEMBERS includes all qualifying employees or independent contractors, whether or not they have filed a consent to join this action.

4. The "RELEVANT TIME PERIOD"—unless specified otherwise—refers to the period beginning April 11, 2015 and continuing through the present.

5. "DOCUMENT" means a writing, recording, or photograph, as defined by Federal Rule of Evidence 1001. DOCUMENT is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

   "DOCUMENT" includes, but is not limited to any: note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever.

6. "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

7. "ADVERSE EMPLOYMENT ACTION" means any TERMINATION, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects an employee's rights or interests.

8. "FLSA" means the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

9. "TERMINATION" means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

## REQUESTS FOR PRODUCTION

1. The DOCUMENTS that relate, refer to, or evidence any offer (such as an offer of employment) that YOU made or induced to a PLAINTIFF (whether directly or through a third party) in exchange for releasing or withdrawing a claim against YOU in this case.

2. The DOCUMENTS that relate, refer to, or evidence any offer (such as an offer of employment) that YOU made or induced to a CLASS MEMBER (whether directly or through a third party) in exchange for agreeing not to pursue a claim against YOU in this case.

3. DOCUMENTS with computer-readable data, identifying all CLASS MEMBERS (by name, dates of employment/work, locations where services rendered, last known home address, phone number, and any email addresses).

4. If you do not maintain the DOCUMENTS requested in Request for Production No. 1 in computer-readable data format, then the DOCUMENTS sufficient to identify the name, dates of employment/work, locations where services rendered, last known home address, phone number, and email address for each CLASS MEMBER.

5. The DOCUMENTS containing discoverable information regarding the claims and defenses of any party to this lawsuit.

6. The DOCUMENTS identified in, or that evidence the facts that support YOUR Initial Disclosures.

7. The DOCUMENTS identified in, or that evidence the facts that support YOUR answers to Plaintiff's Interrogatories.

8. The DOCUMENTS identified in, or that evidence the facts that support YOUR answers to Plaintiff's Requests for Admission.

9. Insurance policies that YOU contend may be in force to provide coverage for any judgment obtained in this matter, whether or not any potentially applicable insurance coverage is disputed by the carrier.

10. Photographs, films, video tapes, video images, audio tapes, and electronic recordings of any kind involving PLAINTIFFS.

11. The DOCUMENTS, items, and things that YOU intend to offer into evidence at trial of this matter.

12. The DOCUMENTS sent by YOU to, or received by YOU from, any PERSON who may be called to give expert testimony.

13.     The DOCUMENTS sent by YOU to, or received by YOU from, any consulting expert on whom any PERSON who may be called to give expert testimony relies, in whole or in part, including treatises, periodicals, and pamphlets.

14.     The full file of any PERSON whom YOU may call to testify as an expert in this matter.  This request specifically includes:

>  (a)  DOCUMENTS and tangible reports, physical models, compilations of data, and other material prepared by each such expert and/or for each such expert;
>  (b)  DOCUMENTS containing the factual observations, tests, supporting data, calculations, photographs, and/or opinions of each such expert; and
>  (c)  The expert's current curriculum vitae.

15.     The DOCUMENTS containing written or oral communications to any PERSON that are related to the subject matter of this litigation (including e-mails and other materials maintained electronically). This request seeks only those DOCUMENTS, or those portions of the same, not protected by attorney-client and work-product privileges.

16.     The DOCUMENTS reflecting YOUR retention policy for DOCUMENTS (physical, electronic, or otherwise) during the RELEVANT TIME PERIOD.

17.     YOUR organizational directories during the RELEVANT TIME PERIOD.

18.     Organizational charts showing PLAINTIFFS' relative rankings and relationships with YOUR other employees or independent contractors.

19.     Organizational charts showing CLASS MEMBERS' relative rankings and relationships with YOUR other employees or independent contractors.

20.     The transcripts, minutes, written reports, audio or video recordings, or any other DOCUMENTS generated in connection with any meeting of YOUR officers or employees related to the classification, job duties, and/or payment practices and policies of PLAINTIFFS and CLASS MEMBERS.

21.     The DOCUMENTS exchanged with local, state, and/or federal government agencies related to the wage and overtime pay claims made the subject of this lawsuit (including the classification of workers as independent contractors), including but not limited to investigative materials, findings, questionnaires, orders, and/or reports.

22.     The DOCUMENTS exchanged with local, state, and/or federal government agencies related to allegations regarding failure to properly pay wages and overtime pay other than those claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders, and reports.

23.     The DOCUMENTS recording or evidencing notices of claims or complaints (whether written or oral) concerning YOUR failure to pay wages or overtime to PLAINTIFFS, CLASS MEMBERS, or any other employees/independent contractors.  The search for such DOCUMENTS should include, but should not be limited to, reports from/to employees or independent contractors, field managers, and office personnel, as well as inquiries from and reports to local, state, and federal government entities.

24.     The DOCUMENTS recording or evidencing notices of claims or complaints (whether written or oral) concerning YOUR classification of PLAINTIFFS, CLASS MEMBERS, or any other employees as independent contractors.  The search for such DOCUMENTS should include, but should not be limited to, reports from/to employees or independent contractors, field managers, and office personnel, as well as inquiries from and reports to local, state, and federal government entities.

25.     For each instance of litigation involving claims of YOUR failure to properly pay wages and overtime pay (including claims involving the alleged misclassification of workers as independent contractors), the following DOCUMENTS:

       (a)  Reports (including curricula vitae) of experts retained by YOU;
       (b)  YOUR expert deposition transcripts;
       (c)  Transcripts of trial;
       (d)  YOUR trial exhibit lists;
       (e)  The plaintiff's trial exhibit lists; and
       (f)  The plaintiff's most recent complaint/petition.

26.     The DOCUMENTS produced by YOU in other litigation, if any, involving claims of YOUR failure to pay wages and overtime (including litigation involving claims of alleged misclassification of workers as independent contractors), whether under the FLSA or otherwise, whether in state or federal court or in arbitration, and irrespective of the current stage of litigation, including those matters still pending and those in which a final judgment or a dismissal has been entered.

27.     The DOCUMENTS contained within the complete personnel file for each PLAINTIFF, including but not limited to each PLAINTIFF'S full employment records, payroll records, personnel files, performance evaluations, adverse actions, printed or electronic correspondence, employment or contractor agreements, arbitration agreements, timesheets, and reimbursements.

28.     The DOCUMENTS contained within the complete hiring packet for each PLAINTIFF, including but not limited to each PLAINTIFF'S job posting, employment application, submitted resume, offer of employment, and employment or contractor agreement.

29.     The DOCUMENTS that contain YOUR corporate policies and procedures regarding efforts to comply with the FLSA and associated regulations. This Request specifically includes, but is not limited to, policies and procedures relating to the classification of workers as employees versus independent contractors.

30.     The DOCUMENTS maintained by YOU in order to meet any record-keeping requirements of the FLSA, including but not limited to those DOCUMENTS enumerated in 29 U.S.C. § 211(c) and 29 C.F.R. part 516.

31.     The job posting for any positions ultimately filled by a PLAINTIFF or CLASS MEMBER.

32.     DOCUMENTS evidencing communications between YOU and any third-party company (including any third-party staffing company) regarding filling job positions with any PLAINTIFF or CLASS MEMBER.

33.     The payroll records for each PLAINTIFF for the RELEVANT TIME PERIOD.

34.     The pay stubs for each PLAINTIFF for the RELEVANT TIME PERIOD.

35.     The DOCUMENTS reflecting any payment to a PLAINTIFF that YOU allege entitles YOU to an offset and/or credit.

36.     If YOU are claiming that any violation of the FLSA was undertaken in good faith, the DOCUMENTS provided by YOUR counsel that YOU relied upon in determining the FLSA classification of each PLAINTIFF and CLASS MEMBER.

37.     If YOU are claiming that any violation of the FLSA was undertaken in good faith, the DOCUMENTS relied upon by YOUR counsel in advising YOU regarding the FLSA classification of each PLAINTIFF and CLASS MEMBER.

38.     If YOU are claiming that any violation of the FLSA was undertaken in good faith, the DOCUMENTS exchanged with YOUR counsel in advising YOU regarding the FLSA classification of each PLAINTIFF and CLASS MEMBER.

39.     The DOCUMENTS containing records of all hours worked by each PLAINTIFF during the RELEVANT TIME PERIOD, including but not limited to time cards, time sheets, worksheets, and invoices.

40.     The DOCUMENTS relating the job duties of each PLAINTIFF and CLASS MEMBER during the RELEVANT TIME PERIOD.

41.     The handbooks, training programs, and any other DOCUMENTS provided to PLAINTIFFS and CLASS MEMBERS which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

42.     The handbooks, training programs, and any other DOCUMENTS provided to PLAINTIFFS and CLASS MEMBERS which contain policies and procedures regarding the recording and/or payment of wages, bonuses, time worked, and overtime.

43.     The DOCUMENTS containing a review of the performance of any PLAINTIFF.

44.     The DOCUMENTS that reflect the TERMINATION of any PLAINTIFF.

45.     The DOCUMENTS containing any internal decision-making, correspondence, review, performance appraisal, memorandum, study, or other evidence related to YOUR decision resulting in the TERMINATION of any PLAINTIFF.

46.     The DOCUMENTS that reflect any ADVERSE EMPLOYMENT ACTION taken by YOU in regard to any PLAINTIFF.

47.     The DOCUMENTS containing any internal decision-making, correspondence, review, performance appraisal, memorandum, study, or other evidence related to YOUR decision to take any ADVERSE EMPLOYMENT ACTION in regard to any PLAINTIFF.

48.     The DOCUMENTS received by YOU from any third-party containing any commentary, evaluation, review, commendation, or complaint concerning the job performance of any PLAINTIFF, whether positive or negative.

49.     Invoices from any third party to YOU for any work performed by a PLAINTIFF or CLASS MEMBER during the RELEVANT TIME PERIOD.

50.     Invoices to any third party from YOU for any work performed by a PLAINTIFF or CLASS MEMBER during the RELEVANT TIME PERIOD.

51.     The master services agreement, along with any addendums thereto, between YOU and each third party for which PLAINTIFFS or CLASS MEMBERS performed work during the RELEVANT TIME PERIOD.

52.     The contracts or agreements, along with any addendums thereto, between YOU and each third party for which PLAINTIFFS or CLASS MEMBERS performed work during the RELEVANT TIME PERIOD.

53.     Any contract or EMPLOYMENT agreement with another PERSON entered into by a PLAINTIFF or CLASS MEMBER on YOUR behalf.

54.     The DOCUMENTS that reflect the TERMINATION of another of YOUR employees by a PLAINTIFF or CLASS MEMBER.

55.     The DOCUMENTS that reflect any PLAINTIFF or CLASS MEMBER'S suggestions and recommendations as to the hiring, TERMINATION, advancement, promotion, or any other change of status of another employee.

56.     The DOCUMENTS that reflect any PLAINTIFF or CLASS MEMBER'S suggestions, recommendations, or decision-making regarding an ADVERSE EMPLOYMENT ACTION

taken with respect to another employee.

57. The DOCUMENTS that YOU contend reflect any PLAINTIFF or CLASS MEMBER was exempt from the overtime provisions of the FLSA pursuant to the executive exemption.

58. All DOCUMENTS that reflect that any PLAINTIFF or CLASS MEMBER managed and/or directed the work of any of YOUR full-time employees.

59. The DOCUMENTS that YOU contend reflect any PLAINTIFF or CLASS MEMBER was exempt from the overtime provisions of the FLSA pursuant to the administrative exemption.

60. All DOCUMENTS that reflect that any PLAINTIFF or CLASS MEMBER's primary duties consisted of office or non-manual work.

61. All DOCUMENTS that reflect that any PLAINTIFF or CLASS MEMBER's actually exercised discretion and independent judgment with respect to matters of significance.

62. The DOCUMENTS that YOU contend reflect any PLAINTIFF or CLASS MEMBER was exempt from the overtime provisions of the FLSA pursuant to the professional exemption.

63. All DOCUMENTS that reflect that any of the work performed by PLAINTIFF or CLASS MEMBER's required the use of an advanced degree in a field of science or learning.

64. The DOCUMENTS that YOU contend reflect any PLAINTIFF or CLASS MEMBER was exempt from the overtime provisions of the FLSA pursuant to the highly compensated employee exemption.

65. The DOCUMENTS that YOU contend reflect that any PLAINTIFF or CLASS MEMBER failed to mitigate their alleged damages.

66. The DOCUMENTS that YOU contend reflect that any PLAINTIFF or CLASS MEMBER were paid on a salary basis.

67. The DOCUMENTS that YOU contend reflect that any PLAINTIFF or CLASS MEMBER was paid a guaranteed weekly amount for weeks in which they did not work.

68. The DOCUMENTS that YOU contend reflect that any PLAINTIFF or CLASS MEMBER was paid a guaranteed weekly amount.

69. The DOCUMENTS that YOU contend reflect that any PLAINTIFF or CLASS MEMBER negotiated the amount they were paid with YOU.

70. The DOCUMENTS that YOU contend reflect that any PLAINTIFF or CLASS MEMBER

sustained a financial loss while working with YOU.

71.     The DOCUMENTS containing or representing any settlement agreement with a PLAINTIFF or CLASS MEMBER regarding the payment of wages or overtime during the RELEVANT TIME PERIOD.

72.     The DOCUMENTS and materials used by YOU to market or advertise to clients and potential clients YOUR services for which PLAINTIFFS and CLASS MEMBERS performed work.

73.     Receipts and invoices showing the cost incurred by YOU for the tools, equipment, vehicles, materials, and supplies that YOU provided to PLAINTIFFS and CLASS MEMBERS for use in their work for YOU.

74.     Receipts and invoices showing the cost incurred by PLAINTIFFS for the tools, equipment, vehicles, materials, and supplies that PLAINTIFFS and CLASS MEMBERS used in their work for YOU.

75.     DOCUMENTS reflecting the inventory of tools, equipment, vehicles, materials, and supplies used by PLAINTIFFS and CLASS MEMBERS on any of YOUR worksites.

76.     DOCUMENTS that YOU will rely on to prove that YOU acted in good faith.

77.     DOCUMENTS that YOU will rely on to prove that YOU did not act willfully.

78.     The completed IRS Form 4562s submitted by YOU for any tools, equipment, vehicles, materials, and supplies used by PLAINTIFFS and CLASS MEMBERS in their work for YOU.

79.     The completed IRS Form W-2 and Form 1099 received by YOU and filed by YOU, or maintained by YOU, for PLAINTIFFS and CLASS MEMBERS.

80.     Tax returns (including all attachments) filed by YOU from January 1, 2015, to the present.

81.     All tax records relating to YOUR compensation of PLAINTIFFS and CLASS MEMBERS beginning January 1, 2015 to the present.

82.     The DOCUMENTS exchanged between YOU and any accountant who prepared tax returns on YOUR behalf for the tax years beginning January 1, 2015, and continuing through the present.

83.     DOCUMENTS evidencing any training any PLAINTIFF or CLASS MEMBER participated in at any of YOUR facilities.

84.     Master Services Agreement with Ultra Petroleum Corp. covering the RELEVANT TIME PERIOD.

85.     Master Services Agreement with PetroShale, Inc. covering the RELEVANT TIME PERIOD.

86.     All communications between YOU and staffing company regarding PLAINTIFFS and the CLASS MEMBERS' compensation and work schedule.

87.     All DOCUMENTS that relate to YOUR staffing companies setting PLAINTIFFS and CLASS MEMBERS' rate of pay or compensation.

88.     All communications between YOU and PLAINTIFFS and CLASS MEMBERS regarding work schedule.

89.     All DOCUMENTS that relate to YOU setting PLAINTIFFS and CLASS MEMBERS rate of pay or compensation.

90.     All DOCUMENTS that support your contention that Drilling Professionals is an indispensable party to this lawsuit.

91.     All DOCUMENTS that YOU referred to, relied upon in answering, or identified in response to PLAINTIFF'S First Set of Interrogatories to DEFENDANT.

92.     All DOCUMENTS showing payments in response to demands for indemnity received by YOU relating to its day-rate compensation practice of solids control workers during the RELEVANT TIME PERIOD.

93.     All requests and/or demands for indemnity received by YOU relating to YOUR day-rate compensation practice of during the RELEVANT TIME PERIOD.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHAD ROMERO, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:18-CV-10702-PBS |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., and CLEAN HARBORS SURFACE RENTALS USA, INC. | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF CHAD ROMERO'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT CLEAN HARBORS SURFACE RENTALS USA, INC.

Propounding Party:     Plaintiff Chad Romero
Responding Party:      Clean Harbors Surface Rentals USA, Inc.
Discovery Requests:    Requests for Admission
Set No.:               One

Plaintiff Chad Romero individually and on behalf of others similarly situated, serves upon you these requests for admission. Pursuant to the Federal Rules of Civil Procedure, you are required to answer these discovery requests within thirty (30) days of service.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
 **Michael A. Josephson**
 State Bar No. 24014780
 **Richard M. Schreiber**
 State Bar No. 24056278
 **JOSEPHSON DUNLAP LAW FIRM**
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 713-352-1100 – Telephone
 713-352-3300 – Facsimile
 mjosephson@mybackwages.com
 rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On December 3 2018, I served a copy of this document on all Counsel of record for Defendant Clean Harbors Surface Rentals USA, Inc., pursuant to the Federal Rules of Civil Procedure:

_/s/ **Richard M. Schreiber**_
Richard M. Schreiber

## DEFINITIONS

1. "YOU" or "YOUR" or "DEFENDANT" or "CLEAN HARBORS" refers to Defendant Clean Harbors Surface Rentals USA, Inc., and shall include: YOU; YOUR agents, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on YOUR behalf.

2. "PLAINTIFF" or "PLAINTIFFS"—unless specified otherwise—refers to the Named Plaintiff(s), as well as to any current or former employee or independent contractor of DEFENDANT who has filed a written consent to join this action.

3. "CLASS MEMBERS" refers to all solids control workers employed by, or working on behalf of, DEFENDANT, who were classified as independent contractors and paid a day-rate and no overtime compensation for hours worked in excess of forty (40) hours in a single workweek at any time from April 11, 2015 to the present. CLASS MEMBERS includes all qualifying employees or independent contractors, whether or not they have filed a consent to join this action.

4. The "RELEVANT TIME PERIOD"—unless specified otherwise—refers to the period beginning April 11, 2015, and continuing through the present.

5. The term "FLSA" means the Fair Labor Standards Act.

6. "DOCUMENT" means a writing, recording, or photograph, as defined by Federal Rule of Evidence 1001. DOCUMENT is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

   "DOCUMENT" includes, but is not limited to any: note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever.

**REQUESTS FOR ADMISSION**

1.    Each PLAINTIFF and CLASS MEMBER was employed by YOU during the RELEVANT TIME PERIOD.

2.    Each PLAINTIFF and CLASS MEMBER performed work on YOUR behalf during the RELEVANT TIME PERIOD.

3.    YOU classified PLAINTIFF and CLASS MEMBERS as independent contractors during the RELEVANT TIME PERIOD.

4.    YOU did not pay PLAINTIFF and CLASS MEMBERS overtime compensation for all hours that they worked in excess of 40 hours each workweek during the RELEVANT TIME PERIOD.

5.    YOU keep records of PLAINTIFF and CLASS MEMBERS' hours worked.

6.    YOU keep records of PLAINTIFF and CLASS MEMBERS' invoices.

7.    YOU required PLAINTIFF and CLASS MEMBERS to utilize a third-party company for payroll processing.

8.    At all times during the RELEVANT TIME PERIOD, YOU were required to comply with provisions of the FLSA regarding wage and overtime payment of PLAINTIFFS and CLASS MEMBERS.

9.    YOU do not have DOCUMENTS that accurately reflect the hours worked each workday by PLAINTIFFS and CLASS MEMBERS for the RELEVANT TIME PERIOD.

10.   PLAINTIFFS and CLASS MEMBERS all had similar job duties.

11.   During the RELEVANT TIME PERIOD, YOU utilized the services of workers classified as independent contractors.

12.   PLAINTIFFS and CLASS MEMBERS could not take off an unscheduled day without permission from YOU.

13.   PLAINTIFFS and CLASS MEMBERS did not set their own work schedule.

14.   YOU did not require PLAINTIFFS and CLASS MEMBERS to carry their own liability insurance.

15.   YOU maintain insurance policies in order to prevent PLAINTIFFS and CLASS MEMBERS from being held personally responsible for work-related liability.

16.     YOU provided PLAINTIFFS and CLASS MEMBERS with the essential tools and equipment needed to perform the job of an independent contractor.

17.     As a condition of their working relationship with YOU; PLAINTIFFS and CLASS MEMBERS could not perform work for another oil and gas service company while performing services for YOU.

18.     PLAINTIFFS and CLASS MEMBERS turned in invoices directly to YOU in order to receive compensation.

19.     YOU have made an offer to one or more PLAINTIFFS to withdraw their claims in this case in exchange for employment.

20.     YOU paid each PLAINTIFF and CLASS MEMBER a day-rate for all hours worked in a single day.

21.     YOU did not pay each PLAINTIFF and CLASS MEMBER overtime compensation for hours worked in excess of 40 hours in a single workweek.

22.     If a PLAINTIFF or CLASS MEMBER did not work during a week, he did not receive any compensation from YOU for the week not worked.

23.     YOU never guaranteed PLAINTIFF or any CLASS MEMBER a set weekly amount of money.

24.     PLAINTIFFS and CLASS MEMBERS did not receive a salary.

25.     YOU relied on advice of counsel in YOUR classification of PLAINTIFF and CLASS MEMBERS as independent contractors.

26.     PLAINTIFF and CLASS MEMBERS reported to YOU while working in the field.

27.     The work performed by PLAINTIFF and CLASS MEMBERS was integral to YOUR business.

28.     PLAINTIFF and CLASS MEMBERS reported to YOU and/or YOUR employees.

29.     YOU did not require PLAINTIFF or CLASS MEMBERS to have a college degree.

30.     PLAINTIFF and CLASS MEMBERS cannot negotiate their rate of pay.

31.     PLAINTIFF and CLASS MEMBERS are required to abide by the terms of any master-service agreement YOU have with any third-party while performing their work.

32.     Any consulting agreement or other employment contract signed by PLAINTIFF or any CLASS MEMBER to perform work for YOU or on YOUR behalf is indefinite in nature.

33.     YOU provide PLAINTIFF and CLASS MEMBERS with a uniform to wear while performing their work.

34.     PLAINTIFF and CLASS MEMBERS cannot hire or fire any of YOUR personnel.

~ 3 ~

35.	YOU permitted each PLAINTIFF and CLASS MEMBER to work on your behalf.